AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                            **ORDER OF DETENTION PENDING TRIAL**

__FERDINAND HANDY__      Case Number: 09-20046-01-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 7, 2009                        s/ David J. Waxse
                                                                         *Signature of Judicial Officer*

                                               DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                             *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Ferdinand Handy
Criminal Action 09-20046-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors I have to look at to determine whether there are conditions of release that will assure the appearance of the person and the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance, firearm, or destructive device. Since there is a death alleged it clearly is a crime of violence and does involve a controlled substance, so those are negative factors.

The next factor is the weight of the evidence. There has been a Grand Jury determination of probable cause, so that is a negative factor.

The next factor is the history of the person, including their character and physical and mental condition. There is nothing in the report or the proffers that indicate a problem with physical or mental condition.

Family ties appears to be positive.

Employment is negative because there is apparently no actual employment. There is contract work of some kind and mowing lawns.

The next factor is financial resources. There has been no proffer or evidence that defendant has substantial resources that would enable him to flee, so that is a positive factor.

Length of residence in the community is positive.

Community ties are positive.

The next factor is past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. There are convictions even though it does not appear there are felony convictions, and there are indications of failure to appear and drug abuse, so those are negative.

2

The next factor is whether at the time of the current offense or arrest the person was on probation, parole, or other release. It does not appear that is true, so that would be a positive.

The final factor is the nature and seriousness of the danger to any person in the community that would posed by the person's release. The conclusion I reach from looking at the information I have been provided and listening to what I have been told is that Mr. Handy has apparently been living on something other than lawn mowing if he has that many children he is supporting and has not been working at any job. It appears from the allegations of as many transactions as there are in this conspiracy that there would be substantial danger if Mr. Handy were released and continued to attempt to maintain himself by selling drugs in the community. It appears to me that danger overrides the assertions made by defendant and, therefore, relying on the presumption of detention in this kind of case I will find that the defendant should remain detained.